# SUPREME COURT.

ROBERT L. VAN BERGEN agt. JOHN ACKLES, THOMAS BRADLEY, ROBERT MITCHELL and ANDREW BRADLEY.

After a *case* or *exceptions* has been settled and filed with the clerk, it may be taken *prima facie*, in the further progress of the action, as *evidence* of the facts therein appearing.

Where, in an action of *trespass on land*, the defendants justified on the ground that the *locus in quo* was a public highway, and one of them, as overseer of highways, had been directed by a warrant issued by the commissioners of highways, to go on and work the road, and that the other defendants were, by the directions of the overseer, aiding and assisting him,

*Held*, on a verdict and judgment for defendants, that they were entitled under the statute (2 *R. S.*, 617, § 24, *1st ed.*) to *double costs.*

*Cortland adjourned Special Term, March* 25, 1861.
MOTION by defendants for double costs.

The action was in trespass for an alleged unlawful entry of the defendants upon the land of the plaintiff in November, 1858.

The defendants set up in their answer that the land on which the alleged trespass was committed was a public highway, and that whatever they did upon it they did as highway laborers, and by order of the commissioners of highways of the town of Preble.

It was proved on the trial that the commissioners of highways delivered to John Ackles, (one of the defendants,) who was an overseer of highways, a road warrant, which directed him to go on and work the road, and to call out the men in his road district to work the road; that the road was in his district, and that the other defendants worked under Ackles, as overseer of highways, in opening the road.

The defendants had a verdict at the circuit. The plaintiff made a case containing exceptions to the decision of the court, which were ordered to be heard in the first instance at the general term.

At general term judgment was rendered for the defendants. The defendants then made a motion for double costs.

HORATIO BALLARD, *for the motion.*
L. H. & F. HISCOCK, *opposed.*

PARKER, Justice. A motion for double costs is made in this case by the defendants, on the ground that they are within the provisions of the statute. (2 *R. S.*, 617, § 24, 1*st ed.*)

The motion is made upon the case and exceptions, on which a motion for a new trial was heard at general term, and denied, judgment being ordered for the defendants on the verdict rendered at the circuit.

The plaintiff's counsel insists that the case and exceptions are not the proper evidence of the facts therein shown for the purpose of this motion; that being made for another purpose they cannot be used for this.

No objection is taken to any want of specifying them in

the notice of this motion, as the papers on which the motion would be made.

After a case or exceptions has been settled it is filed with the clerk, and becomes a record of the court; and I think it may be taken *prima facie* in the further progress of the action as evidence of the facts therein appearing.

It appears, then, from the case and exceptions which embody the pleadings, that the action was brought to recover damages against the defendants, for breaking the plaintiff's close, and cutting down and destroying his timber; that the answer denied the allegations of the complaint, and also set up in justification that the *locus in quo* was a public highway, and that whatever acts the defendants did therein were done by them as highway laborers, by order of the commissioners of highways of the town.

The principal question litigated on the trial was, whether the *locus in quo* was a public highway, and the court held that, under the proof given, it was.

It was also proved that the commissioners delivered to the defendant Ackles, who was an overseer of highways, a road warrant, directing him to call out the men in his road district, and work this road; that the other defendants worked under him, and cut the timber for the purpose of opening the highway. Here was a highway duly laid out, through timbered lands, and annexed to a road district, of which Ackles was overseer. He received a warrant from the commissioners, which made it his duty as a public officer to go on and do the acts, for which the action is brought. (1 *R. S.*, 502, § 1 *sub.* 7; *id.*, 503, § 6; *id.*, 504, § 16, 1*st ed.*)

The other defendants, in doing the acts complained of, acted under the immediate direction of Ackles, the overseer of highways—strictly " in aid " of him, " touching the duties of his office." Indeed, it is only because they were so acting, that they were justified in cutting the timber in the highway that belonged to the plaintiff, notwithstanding

it was growing in the highway; and there is nothing in the case to justify the Bradleys and Mitchell for cutting it, except the fact that they cut it in opening the highway under the overseer, who, himself, was acting under the general direction of the commissioners.

The fact that they were working out their highway tax does not change the other fact, that they were doing the act complained of by the command of the overseer, and in his aid, "touching the duties of his office." It was their general duty to work on the road under the direction of the overseer; it was their particular duty to cut down the timber at his command; to aid him in the construction of the road, and putting it in proper condition as a road, which it was his duty to do. That they are put under his direction by the statute, is rather in favor of their right to double costs, than against it.

It seems to me that the defendants are all within, both the letter and the spirit, of the statutory provision.

The motion is, therefore, granted, but without costs of this motion.

This decision was *affirmed* on appeal by the general term sitting in the *fifth district* on the first Tuesday in July, 1861.